UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

JERRY ADAMS, : 97-CV-2343 (ARR)

                 Petitioner, : NOT FOR ELECTRONIC
: OR PRINT PUBLICATION
-against- :
: OPINION & ORDER
SUPERINTENDENT CHRISTOPHER ARTUZ, :

                 Respondent. :

------------------------------------------------------------------- X

ROSS, United States District Judge:

By an order dated July 29, 1999 (the "1999 Order"), this Court denied Adams's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. #34. Subsequently, the Second Circuit dismissed petitioner's appeal of that order, Dkt. #39, and denied petitioner's request for consideration of a second or successive § 2254 petition, Dkt. #44. On January 24, 2014, petitioner filed a motion for reconsideration of this court's 1999 Order.

The Court construes petitioner's motion as being brought pursuant to Federal Rule of Civil Procedure 60(b). Gant v. Goord, No. 04-CV-6175, 2007 WL 2712344, at *1 & n.1 (W.D.N.Y. Sept. 13, 2007); see also United States v. Clark, 984 F.3d 31, 33 (2d Cir. 1993); Schwamborn v. United States, 507 F. Supp. 2d 229, 238-39 (E.D.N.Y. 2007). To the extent that petitioner challenges the integrity of the prior federal habeas proceeding before this Court and argues that this Court erred in its application of the law in its 1999 Order, petitioner's motion is without merit. Petitioner's motion must be denied under the "law of the case doctrine," which "prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate." Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010); accord Laster v.

1

Superintendent, Five Points Corr. Facility, No. 12-CV-06054MAT, 2014 WL 257268, at *1-*2 (W.D.N.Y. Jan. 23, 2014) (denying petitioner's motion for reconsideration of his § 2254 petition where appeal of habeas decision dismissed).[1] To the extent that petitioner's motion for reconsideration attacks the merits of his underlying conviction as opposed to this Court's application of the law, this Court may either "deny the motion as beyond the scope of Rule 60(b)" or allow the petitioner the opportunity to withdraw the motion before transferring it to the appellate court as a successive habeas petition. Jackson v. Phillips, No. 03 CIV. 6987(DLC), 2008 WL 821831, at *1 (S.D.N.Y. Mar. 27, 2008) (citing Harris v. United States, 367 F.3d 74, 82 (2d Cir. 2004)).

Accordingly, the petitioner's motion for reconsideration is denied.

SO ORDERED.

/S/ Judge Allyne R. Ross
Allyne R. Ross
United States District Judge

Dated:    January 29, 2014
          Brooklyn, New York

---

[1] The Court also notes that the unexplained fourteen-year delay between its 1999 Order and petitioner's motion make reconsideration wholly inappropriate under Rule 60.

**SERVICE LIST**

**Jerry Adams**
89-A-7005
WCF P.O. BOX 1000
Woodbourne, NY 12788